# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THAD PAYNE,<br><br>    Petitioner,<br><br>v.<br><br>ELVIN VALENZUELA, Warden,<br><br>    Respondent. | Case No. CV 15-3243 FMO (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

In the Objections, petitioner contends for the first time that he is entitled to equitable tolling of the one-year limitations period of 28 U.S.C. § 2244(d) because of alleged restrictions on his access to legal materials in the prison law library. (Objections at 2-4.) A limitation on law library access, however, is a normal incident of prison life, not an extraordinary circumstance for purposes of equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that petitioner was not entitled to equitable tolling for limited access to the law library

and copy machine because to conclude otherwise "would permit the exception to swallow the rule" that equitable tolling be rarely granted).

This circumstance is not rendered extraordinary when considered in combination with petitioner's lack of legal sophistication and limited ability to read and write. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the limitation period did not warrant equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (petitioner's alleged lack of access to law library materials and resulting unawareness of the limitation period until it was too late did not warrant equitable tolling); *Gazzeny v. Yates*, 2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy or ignorance of the law do not constitute extraordinary circumstances" for purposes of tolling of the AEDPA statute of limitations); *Singletary v. Newland*, 2001 WL 1220738, at *2 (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal habeas relief is not considered an extraordinary circumstance or external factor for purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not even provide a sufficient basis for equitable tolling."); *Ekenberg v. Lewis*, 1999 WL 13720, at *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *Bolds v. Newland*, 1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal assistance do not constitute such extraordinary circumstances."); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of representation during the applicable filing period," nor "illiteracy," provides a basis for equitable tolling).

Accordingly, equitable tolling is not warranted on the grounds raised by petitioner in the Objections. Moreover, petitioner's claims fail on the merits, as discussed fully in the Report and Recommendation. The Court therefore accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) respondent's Motion to Dismiss the Petition as untimely is granted (ECF No. 20); (3) petitioner's Motion for Stay and Abeyance is denied (ECF No. 27); and (4) Judgment shall be entered dismissing this action with prejudice.

DATED: January 25, 2016

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE